IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-cr-00303-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. KEVIN WILLIAM ADAMCHAK,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Jena Neuscheler, Assistant United States Attorney for the District of Colorado, and the defendant, Kevin William Adamchak, personally and by counsel, Evan Shaw, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1) plead guilty to Count 1 of the Indictment charging a violation of Aiming a Laser Pointer at an Aircraft, in violation of 18 U.S.C. § 39A;

(2) waive certain appellate and collateral attack rights, as explained in detail below;

(3) be liable for restitution to the City & County of Denver in the amount of $895.70; and

(4)   request a sentence of 3 years' probation, with a special condition requiring the completion of 100 hours of community service.

## B. Government's Obligations:

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(B). The government agrees not to oppose the defendant's request for a variant sentence of 3 years' probation, with a special condition requiring the completion of 100 hours of community service. The parties understand that this agreement is not binding on the Court.

Provided the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a).

## C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)   the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 39A;

(2)   the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 7; or

(3)   the government appeals the sentence imposed.

If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria

apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a)

grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Restitution

Pursuant to 18 U.S.C. § 3663(a), the defendant agrees to pay restitution to the City and County of Denver in the amount of $895.70. Payments shall be directed to:

> Manager of Finance, City & County of Denver
> City & County of Denver, Risk Management Dept.
> 201 W. Colfax Ave, Dept. 1105
> Denver, Colorado 80202

The defendant understands the amount of Court ordered restitution will not be a basis to withdraw his/her defendant's guilty plea.

### E. Abandonment of property:

The defendant agrees that the below-described property, which was seized from the defendant for evidentiary purposes, and which is currently in the custody or control of the Federal Bureau of Investigation (FBI), was lawfully seized and that it is evidence, contraband, or fruits of the crimes to which the defendant is pleading guilty. The defendant, as sole and rightful owner, relinquishes and abandons all claims, title, and interest the defendant has in such property with the understanding and consent that FBI may dispose of the property without further obligations. The specific property includes: a blue laser pointer.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Aiming a Laser Pointer at an Aircraft, in violation of 18 U.S.C. § 39A are as follows:

***First***, the defendant knowingly aimed the beam of a laser pointer[1] at an aircraft[2] or its flight path; and

***Second***, the aircraft was in the special aircraft jurisdiction of the United States.[3] 18 U.S.C. § 39A.[4]

### III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 1 of the Indictment is: not more than 5 years' imprisonment, not more than a $250,000 fine, or both; not more than 3 years' supervised release; and a $100 mandatory victim's fund assessment fee.

### IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those

---

[1] The term "laser pointer" means any device designed or used to amplify electromagnetic radiation by stimulated emission that emits a beam designed to be used by the operator as a pointer or highlighter to indicate, mark, or identify a specific position, place, item, or object.  18 U.S.C. § 39A(b).

[2] The term "aircraft" means a civil, military, or public contrivance invented, used, or designed to navigate, fly, or travel in the air.  18 U.S.C. § 31(a)(1).

[3] The "special aircraft jurisdiction of the United States" includes any "aircraft in flight . . . in the United States."  49 U.S.C. § 465012(2).

[4] The Tenth Circuit does not have a suggested jury instruction for this offense.  The foregoing elements are adapted directly from the statutory text.

considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct.

Air 1 is a helicopter operated by the Denver Police Department. On March 2, 2023, at approximately 11pm, Air 1 was assisting other Colorado-based law enforcement agencies with aerial surveillance. While in flight, Air 1 was struck by a blue laser. Using a thermal imager and camera, the Air 1 crew determined that the laser strike originated from a parking lot near the intersection of East 55th Avenue and Logan Court in Denver, Colorado. Air 1 identified a suspect associated with the laser strike and maintained visual contact with the suspect until ground units arrived. Upon arrival, ground units contacted defendant Kevin William Adamchak in his vehicle. Adamchak did not make any statements to responding officers. When the officers approached Adamchak's vehicle, they observed, in plain view, a laser pointer. The laser pointer emits a blue light.

Adamchak admits that he knowingly aimed the beam of a laser at Air 1. At the time of the laser strike, Air 1 was in flight and operating within the special aircraft jurisdiction of the United States.

J.T. was the pilot of Air 1 at the time of the laser strike. During a subsequent interview, J.T. reported that the laser strike caused flash blindness and intense pain in

both of his eyes. J.T. was able to maintain control of the aircraft until his visual orientation returned. After landing the aircraft, J.T. was examined by medical staff and was found to have adequate visual acuity in both eyes. J.T. reported no permanent or long-lasting injuries to his eyes. The City & County of Denver paid for J.T.'s medical care following the laser strike and has provided medical bills totaling $895.70.

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

      a)    Under Section 2A5.2(a)(4), the base offense level is 9.

      b)    There are no specific offense characteristics, victim-related, role-in-offense, obstruction, grouping, and/or multiple-count adjustments.

      c)    The adjusted offense level is 9.

- d) The defendant has clearly demonstrated acceptance of responsibility for his offense and is entitled to a two-level reduction. U.S.S.G. § 3E1.1(a). The resulting total offense level is 7.

- e) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category IV.

- f) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

- g) The advisory guideline range resulting from these calculations is 8-14 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 0 months (bottom of Category I) to 21 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

- h) Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $1,000 to $9,500, plus applicable interest and penalties.

- i) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year, but not more than three years.

- j) Pursuant to guideline § 5E1.1, the court shall enter a restitution order for the full amount of the victim's loss.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 12/13/23

Kevin William Adamchak
Defendant

Date: 12/13/23

Evan Shaw
Attorney for Defendant

Date: 12/13/23

Jena Neuscheler
Assistant U.S. Attorney